## CIRCUIT COURT OF FREDERICK COUNTY

Oakes

v.

Samuel O'Neal et al.

November 10, 1972

BY JUDGE ROBERT K. WOLTZ

In 1968 the defendant, Samuel O'Neal, as life tenant under his father's will had certain real estate sold in a suit instituted under § 8–703.1. The net proceeds of slightly over $9,000 were decreed to be paid to a special receiver which, in the absence of any directions contained in the decree, has invested the fund and paid net income to the life tenant. Life tenant's two sons are the remaindermen.

The petition in this suit is to seek a commutation and payment to the life tenant of his interest in the fund with the division of the balance to the two remaindermen.

The first question for decision is whether the court has jurisdiction to make commutation. Conversion of the realty into money was had under the provisions of § 8–703.1, and for some reason in that case, no full and final disposition of the funds was made, so that issue should be disposed of in this proceeding. Supplementing § 8–703.1 is § 8–703.2 which expressly vests authority in the court in its discretion to commute a life interest.

The portion of § 55–269 which is prefatory to the setting out of annuity tables is asserted as a reason why the court cannot commute. But the substance of such preface does not add to, subtract from or otherwise alter the jurisdiction of the court to effect commutation. *Slater v. Slater*, 124 Va. 370, 375 (1919). Therefore, it is my opinion that the court has jurisdiction to commute under the provisions of § 8–703.2.

That jurisdiction can be exercised only in the discretion of the court.

In my opinion, the discretion should be exercised in favor of commutation, considering the following factors. The life tenants are both material for collegiate education, desire that education but have no funds of their own to finance it, their educational expenses being presently met only at the sufferance of and generosity of their former guardians. Their immediate needs for that purpose for the approximately $1,900 each would receive on commutation outweigh speculative needs which they may have at some indeterminate future date for the entire fund on the demise of the life tenant. There is no evidence of any need by the life tenant, who is employed and self-supporting, to a continuance of a life income on the fund as opposed to a lump sum on commutation.

In opposition to commutation, the evidence of the life tenant is first that to commute would further strain relationships between him and the remaindermen, he and they already being estranged; and second, that he wishes them to receive the entire fund upon his demise. As to further estrangement, it appears that a failure to commute would materially increase that prospect, whereas commutation might reduce it. Also, if the remaindermen receive an immediate share of the corpus, it is within the power of the life tenant to provide by trust device, bequest or otherwise, that they receive the balance of the fund at his death or before.

Therefore, a decree ordering commutation based on the annuity table of § 55–269 will enter.